[Civ. No. 27823. Fourth Dist., Div. Two. Apr. 12, 1983.]

WILLIAM D. ROGERS, Plaintiff and Appellant, v.
MELVILLE HIRSCHI, as Executor, etc., Defendant and Respondent.

848

**COUNSEL**

Bob Belz, Drivon & Bakerink and Leonard Sacks for Plaintiff and Appellant.

Murchison & Cumming and James S. Link for Defendant and Respondent.

**OPINION**

**KATZ, J.**\*—Appeal from an order granting motion to amend judgment and declare it satisfied.

## FACTS

On May 6, 1980, appellant, plaintiff in this personal injury action, was awarded judgment on special verdict against defendant as executor of the last will and testament of Mary Bloom for $175,000. Neither a motion for new trial nor notice of appeal was filed.

It developed that the decedent's liability insurance carrier was required to pay only $100,000 (actually paid $99,900) and plaintiff filed a partial satisfaction of judgment and then on June 9, 1981, on motion, obtained an order indicating that the partial satisfaction satisfied all liability of the *insurance company*. This motion was made after the court had issued a similar order (on Mar. 6, 1981) which in addition to satisfying the insurance company's liability found that defendant and the estate had no liability to plaintiff since no claim had been filed against the estate.

---

*Assigned by the Chairperson of the Judicial Council.

Thereafter, on February 19, 1982, upon motion of the defendant, the court[1] signed an "Amended Judgment on Special Verdict," in form the same as the judgment entered on May 6, 1980, but substituting in place of "$175,000," "$99,900." The amended judgment further indicated that said $99,900 was the entire amount of insurance proceeds available to the estate for the injury and that plaintiff was limited to that amount by Probate Code section 721. The court thereupon signed a "Full Satisfaction of Judgment."

It is from the orders amending the judgment and ordering full satisfaction that the plaintiff appeals.

## CONTENTIONS

Plaintiff contends that the amended judgment and the satisfaction should be vacated and annulled, for the following reasons:

(1) Defendant cannot raise plaintiff's failure to file a creditor's claim in the estate as defect or defense to plaintiff's case after the action has been tried to judgment, judgment entered and the time to appeal has expired.

(2) Since the complaint was filed within the claims filing period and a timely claim could have been filed had the defendant not remained silent about plaintiff's alleged failure to file, defendant may not complain now of that defect.

(3) The doctrines of finality of judgment and res judicata bar the trial court from purporting to amend a judgment duly entered when the time to move to vacate or appeal has expired.

(4) The plaintiff was not required to file a creditor's claim in this case.

## DISCUSSION

Once a judgment is entered, there can be no summary amendment by the court itself no matter how wrong *in law* the decision may be. (*Barry* v. *Superior Court* (1891) 91 Cal. 486, 488 [27 P. 763]; *Stevens* v. *Superior Court* (1936) 7 Cal.2d 110, 112 [59 P.2d 988]; see 4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, § 64 p. 3225 (and cases cited therein).)

The court has power after final judgment to correct clerical errors in its records and to "*set aside* any void judgment or order." (Italics added.) (Code Civ. Proc., § 473; 4 Witkin, Cal. Procedure (2d ed. 1971) Judgments § 66 p. 3228; 5 Witkin, *op. cit.,* Attack and Judgment in Trial Court, §§ 2 and 166, pp. 3585 and 3739 (and cases cited in those sections).)

---

[1]Judge Robert J. Timlin who heard the motion and signed the amended judgment was not the judge who tried the case and signed the original judgment and the subsequent orders. However, counsel stipulated that he could hear and rule on the motion.

In this case the court did not correct any clerical error nor did it *"set aside any void judgment,"* but rather attempted to amend a final judgment.

Defendant has not presented and we have been unable to find any legislative or judicial authority to empower the court so to act. We therefore must reverse the order amending the judgment. While this is dispositive of this order on appeal, it leaves unanswered questions raised by the appeal which if left unanswered, would create uncertainty as to what further action, if any, the trial court may take.

■ The most critical question is whether or not the judgment on special verdict entered in this case is a *void* judgment which may be set aside in whole or in part by the court that entered it or by other collateral attack long after it has become final.

Defendant contends this is a void judgment in that the court *lacked* jurisdiction to enter a judgment against the estate if a creditor's claim was not filed in the estate by the plaintiff as required by Probate Code section 707.

Plaintiff contends the court did not lack jurisdiction but its act was an excess of jurisdiction and defendant cannot assert this jurisdictional claim after the judgment is final and time for appeal has run.

■ " 'The word "jurisdiction" (*jus dicere*) is a term of large and comprehensive import, and embraces every kind of judicial action, and hence every movement by a court is necessarily the exercise of jurisdiction. In the sense, however, in which the term ordinarily is used jurisdiction may be concisely stated to be the right to adjudicate concerning the subject matter in a given case.' " (*Harrington* v. *Superior Court* (1924) 194 Cal. 185, 188 [228 P. 15].)

"The jurisdiction sufficient to sustain a record is jurisdiction over the cause, over the parties, and over the thing, when a specific thing is the subject of the judgment." (Code Civ. Proc., § 1917.)

■ In this case it is not questioned but that the court had jurisdiction over the parties.

It is clear that the court had subject matter jurisdiction, and was empowered to hear and determine the cause. (*Satterfield* v. *Garmire* (1967) 65 Cal.2d 638 [56 Cal.Rptr. 102, 422 P.2d 990]; *Radar* v. *Rogers* (1957) 49 Cal.2d 243 [317 P.2d 17]; *Katz* v. *A. J. Ruhlman & Co.* (1945) 69 Cal.App.2d 541 [159 P.2d 426].)

Any jurisdictional concept that may be involved in the cases holding the court is without power to grant a judgment against an estate when a creditor's claim

has not been filed is not lack of jurisdiction of the cause but excess of jurisdiction. (See *Estate of Hincheon* (1911) 159 Cal. 755, 760 [166 P. 47]; *Pearson* v. *Norton* (1964) 230 Cal.App.2d 1, 16 [40 Cal.Rptr. 634].)

When, as here, the court has jurisdiction of the subject, a party who by his conduct consents to or permits action which may be in excess of the court's power may be estopped to complain of the ensuing action in excess of jurisdiction. (*In re Griffin* (1967) 67 Cal.2d 343, 347 [62 Cal.Rptr. 1, 431 P.2d 625]; *City of Los Angeles* v. *Cole* (1946) 28 Cal.2d 509, 515 [170 P.2d 928]; see *Harrington* v. *Superior Court, supra,* 194 Cal. 185, 188.)[2]

Whether a party shall be estopped from claiming an excess of jurisdiction depends on the importance of the irregularity not only to the parties but to the functioning of the courts and in some instances on other considerations of public policy. (*In re Griffin, supra,* 67 Cal.2d 343, 348; *City of Los Angeles* v. *Cole, supra,* 28 Cal.2d 509, 515.)

In the present case, plaintiff filed his action before the expiration of the period within which a creditor's claim could have been filed. In his answer, also filed before the expiration of the time for filing creditor's claims, defendant denied all material allegations of the complaint, alleged affirmative defenses of contributory negligence and assumption of risk, but did not mention the failure to file a creditor's claim.

The case proceeded its normal course through trial and verdict and at no time did defendant raise the issue of failure by plaintiff to file a creditor's claim. The trial was fairly conducted and the jury, properly instructed, returned a verdict for $175,000. Even after entry of the judgment the defendant did not, by motion for new trial or by appeal, challenge the judgment as being in excess of the court's jurisdiction.

Had the issue of the failure to file the creditor's claim been raised by demurrer or by the answer, the plaintiff would still have had time to file a claim before the period to do so had expired. Further, defendant tacitly consented (there is nothing in the record to indicate anything else) to the entry of the judgment and its becoming final. These factors should estop defendant from attacking any excess of jurisdiction that may have resulted.

An additional consideration is the importance of not disturbing the action, purportedly in excess of jurisdiction, to the proper functioning of the courts. (*In re Griffin, supra,* 67 Cal.2d 343, 348; *City of Los Angeles* v. *Cole, supra,* 28 Cal.2d 509, 515.) The defendant permitted the case to consume the time and

---

[2]*City of Los Angeles* v. *Cole, supra,* 28 Cal.2d 509, was overruled on an unrelated issue in *County of Los Angeles* v. *Faus* (1957) 48 Cal.2d 672, 680 [312 P.2d 680].

expense involved through a jury trial to final judgment, he should be estopped to now question the efficacy of such proceedings. "To hold otherwise would permit the parties to trifle with the courts. The law should not and in our opinion does not countenance such action." (*City of Los Angeles* v. *Cole, supra,* at p. 515.)

The important public policy that there must be an end to litigation which underlies the doctrine of finality of judgments (*Jorgensen* v. *Jorgensen* (1948) 32 Cal.2d 13, 18 [193 P.2d 728]; *Kachig* v. *Boothe* (1971) 22 Cal.App.3d 626, 632 [99 Cal.Rptr. 393]) is an additional consideration indicating defendant should be estopped from attacking the judgment.

We conclude the judgment was not rendered by a court that lacked jurisdiction. At most the court acted in excess of jurisdiction in awarding judgment greater than the insurance coverage. However, for all the reasons stated defendant is estopped to assert any such excess of jurisdiction.

The orders amending and satisfying the judgment as amended are reversed.

Kaufman, Acting P. J., and Rickles, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied June 22, 1983.