[No. D005677. Fourth Dist., Div. One. Feb. 26, 1988.]

GEORGIA HEYWOOD, Plaintiff and Respondent, v.
THE MUNICIPAL COURT FOR THE NORTH COUNTY
JUDICIAL DISTRICT OF SAN DIEGO COUNTY, Defendant and
Respondent;
SUE KENNEY URQUHART, as Executor, etc., Real Party in
Interest and Appellant.

1440

Lonnie G. McGee for Real Party in Interest and Appellant.

Stephen V. Lopardo and Sachse, James, Croswell & Lopardo for Plaintiff and Respondent.

No appearance for Defendant and Respondent.

OPINION

THAXTON, J.*—Sue Urquhart, as executrix of the will of Russell S. Urquhart, deceased (Executrix), appeals an order of the superior court granting a writ of mandamus ordering the municipal court to issue a writ of execution in favor of respondent Georgia Heywood (Heywood) against the Urquhart Family Trust (Trust) as judgment debtor.

### FACTUAL AND PROCEDURAL BACKGROUND

Russell S. Urquhart (Decedent) filed a complaint in the North San Diego County Municipal Court against Heywood for restitution and rescission of a contract to sell a horse. Heywood cross-complained for payment of board and feed bills and for attorney's fees under the contract. After trial, the municipal court ruled Urquhart was not entitled to restitution or rescission, that Heywood recover nothing on her cross-complaint, and the parties would bear their own attorney's fees.

Urquhart appealed the decision of the municipal court. Heywood cross-appealed. The appeals were still pending on September 20, 1983, when Urquhart died.

Upon motion of the attorney for Decedent, the superior court by its order dated January 25, 1984, substituted the Executrix of the estate of Russell S. Urquhart as plaintiff, appellant and cross-respondent, in place of Russell Urquhart in the municipal court action and appeal.

The appellate department of the superior court by its order filed March 8, 1984, partially affirmed and reversed the judgment of the municipal court and remanded the case to the trial court with instructions to enter judgment in favor of Heywood for $540 for board and feed bills and for reasonable attorney's fees and costs incurred by her in an amount to be determined after a further hearing in the trial court.

Heywood moved for attorney's fees and costs. The municipal court determined the amount of attorney's fees and costs payable to her was $6,959.33 and entered an amended judgment for her in that sum, plus board and feed bills in the sum of $540.

At a judgment debtor examination of Executrix, Heywood confirmed that Decedent, before his death, transferred virtually all his assets into the Trust, a revocable inter vivos trust, and that he and Executrix were trustees

---

* Assigned by the Chairperson of the Judicial Council.

of the Trust. The original assets of the Trust were the community property of Decedent and Executrix. Decedent retained a general power of appointment presently exercisable at the time of his death over the assets transferred to the Trust by him.[1]

The parties here concede the assets in Decedent's probate estate are insufficient to satisfy the judgment.

Heywood moved in the municipal court for an order issuing a writ of execution on the judgment, against the Trust. The motion was denied. Heywood petitioned the superior court for a writ of mandamus or prohibition ordering the municipal court to issue a writ of execution against one or more assets of the Trust. Executrix appeals the order directing the municipal court to issue a writ of execution against the Trust.

DISCUSSION

Although an appeal and cross-appeal had been taken from the decision of the municipal court at the time of Decedent's death, the action against him was still pending at the date of his death. (See Code Civ. Proc., § 1049.)

Probate Code section 709 provides in part: "If an action is pending against the decedent at the time of his or her death, the plaintiff shall in like manner file his or her claim with the clerk or present it to the executor or administrator for allowance or rejection, authenticated as required in other cases. No recovery shall be allowed against decedent's estate in the action unless proof is made of the filing or presentation. . . ."

Sue Urquhart petitioned the court for appointment as the Executrix of the will of Decedent and published the notice of death and of petition to administer estate. She was appointed Executrix of Decedent's will by the probate court, and letters testamentary were issued to her on December 30, 1983.

Due publication of the notice of death and of petition to administer estate "shall also constitute notice to the creditors of the decedent, requiring all persons having claims against the decedent to file them in the office of the clerk of the court from which the letters issued, or present them to the executor or administrator within four months of the first issuance of letters" to the personal representative. (Prob. Code, § 700.)

---

[1] After the establishment of the Trust, the marriage of Decedent and Executrix was terminated by judgment of dissolution. The property of the parties in the dissolution action was not divided by the court.

Probate Code section 707, with exceptions not here applicable, provides in part that all claims arising upon contract, whether they are due, not due, or contingent shall be filed or presented within the time limited in the notice and any claim not so filed or presented *is barred forever*.

Within the time prescribed by Probate Code section 707 for filing claims in the probate estate of decedent, the notice of remittitur from the appellate department of the superior court and a copy of a declaration of Heywood's attorney in support of the motion in the municipal court for determination of attorney's fees and costs were mailed to the litigation counsel representing Executrix in the municipal court action. No contention is made that a copy of the declaration or remittitur was mailed to the attorneys representing Executrix in the probate proceedings. The declaration of Heywood's attorney set forth in detail the legal services rendered by him and the total value of attorney's fees and court costs as $7,668.55.

 Heywood contends the notice of remittitur and the copy of the declaration of her attorney in support of the motion for determination of attorney's fees constituted a sufficient notice of claim to substantially comply with the Probate Code claim statutes. Heywood's contention was properly rejected by the probate court when it denied her motion for order allowing amendment of probate claim.

"Mere notice to the estate, in the sense of imparting knowledge of the underlying debt to the representative, does not constitute a sufficient claim or demand which can be the basis of an amendment." (*Nathanson* v. *Superior Court* (1974) 12 Cal.3d 355, 369 [115 Cal.Rptr. 783, 525 P.2d 687].)

"The Probate Code does not provide a definition of 'claim' as used in section 700 and following sections. Essentially the word connotes a demand [citation] for the payment of a debt or of damages . . . made against the representative." (*Id.* at p. 366.)

A timely claim is "a demand against the estate for payment which has its own independent existence as a 'proceeding' before the probate court and does not have to be gleaned from some other proceeding involving either the decedent in his lifetime or the administration of his estate so as to provide the construct of a claim as incidental thereto." (*Ibid.*)

 The clear purpose of the declaration of Heywood's attorney in support of the motion for determination of attorney fees and costs was to present evidence relevant to the determination of attorney's fees and costs by the municipal court. There was no demand contained in the declaration,

and the declaration had no significance independent of the municipal court action in which it was filed.

 The declaration was not filed in the office of the clerk of the superior court, and a copy of the declaration was mailed to litigation counsel of Executrix in the municipal court action, rather than to Executrix or the attorneys representing Executrix in the probate proceedings.[2]

The declaration of Heywood's attorney and the remittitur did not constitute a creditor's claim against the estate of Decedent. However, the defense that no valid creditor's claim was filed or presented was not asserted by the Executrix in the appeal proceedings before the appellate department of the superior court or at any time before the expiration of the period within which a creditor's claim could have been filed.

The municipal court hearing for determination of attorney's fees and costs, required by the decision of the appellate department of the superior court, was initially set for April 27, 1984, a date within the statutory period for filing creditor's claims in the estate. On motion of the Executrix the hearing was continued and on May 2, 1984, after the period for filing creditor's claims had expired, the Executrix raised for the first time in the action the defense that no creditor's claim had been timely filed.

The Executrix failed to request a rehearing in the appellate department of the superior court, and did not seek appellate review of the decision of the appellate department or the amended judgment of the municipal court.

The issue thereby raised is whether the order of the appellate department of the superior court and the amended judgment of the municipal court are void because a valid creditor's claim was not filed or presented as required by the Probate Code.

The two courts clearly had jurisdiction of the parties. It is also clear that the courts had subject matter jurisdiction, and were empowered to hear and determine the cause. "Any jurisdictional concept that may be involved in the cases holding the [courts are] without power to grant a judgment against an estate when a creditor's claim has not been filed is not lack of jurisdiction of the cause but excess of jurisdiction. [Citations.]

---

[2] The statutory requirement of presentation of a claim is not satisfied by service of summons and complaint (on the personal representative) in a lawsuit, although the pleadings do in their way provide an announcement of the amount and nature of the claim. (*Wood* v. *Brown* (1974) 39 Cal.App.3d 232, 237 [114 Cal.Rptr. 63]; *Satterfield* v. *Garmire* (1967) 65 Cal.2d 638 [56 Cal.Rptr. 102, 422 P.2d 990]; compare *Estate of Schweitzer* (1986) 182 Cal.App.3d 330 [227 Cal.Rptr. 11].)

"When, as here, the [courts have] jurisdiction of the subject, a party who by his conduct consents to or permits action which may be in excess of the [courts'] power may be estopped to complain of the ensuing action in excess of jurisdiction. [Citations.]

"Whether a party shall be estopped from claiming an excess of jurisdiction depends on the importance of the irregularity not only to the parties but to the functioning of the courts and in some instances on other considerations of public policy. [Citations.]" (*Rogers* v. *Hirschi* (1983) 141 Cal.App.3d 847, 851-852 [190 Cal.Rptr. 575].)

■ The doctrine of finality of judgments is premised upon the important public policy that there must be an end to litigation. (*Jorgensen* v. *Jorgensen* (1948) 32 Cal.2d 13, 18 [193 P.2d 728].)

■ We conclude the courts did not lack jurisdiction but at most acted in excess of jurisdiction in awarding judgment against the Executrix. For the reasons stated, the Executrix is estopped to assert any such excess of jurisdiction. The order of the superior court granting a writ of mandamus ordering the municipal court to issue a writ of execution is affirmed.[3]

■ Although the issue of the levy of the writ of execution against the assets of the Trust is not properly before us, we will consider the issue in the interest of judicial economy.

Here, Decedent was both donor and donee of the property contributed by him to the Trust, and the estate of Decedent is inadequate to satisfy the claims of creditors of the estate and expenses of administration of the estate. Decedent retained a general power of appointment presently exercisable at the time of his death over the assets transferred by him to the revocable inter vivos trust.

Civil Code section 1390.3, subdivision (b)[4] provides, under these circumstances, the property subject to the general power of appointment that was presently exercisable at the time of death is subject to claims of creditors to

---

[3] That portion of the order of the trial court directing the respondent municipal court to issue a writ of execution against the Trust as judgment debtor is in error. The writ of execution should properly issue against the trustee or trustees of the Trust.

[4] Civil Code section 1390.3, subdivision (b) provides: "Upon the death of the donee, to the extent that his estate is inadequate to satisfy the claims of creditors of the estate and the expenses of administration of the estate, property subject to a general testamentary power of appointment or to a general power of appointment that was presently exercisable at the time of his death *is subject to such claims and expenses to the same extent that it would be subject to the claims and expenses if the property had been owned by the donee.*" (Italics added.)

the same extent it would be subject to creditors' claims if the property had been owned by the donee.

Civil Code section 1390.4[5] provides, under these circumstances, the property subject to the general power of appointment is subject to the claims of creditors of the estate.

Probate Code section 18201[6] provides, under these circumstances, the property of the Trust which at the death of the settlor was subject to his power of revocation is subject to the claims of creditors of the estate.

A writ of execution may therefore be properly levied upon the assets of the Trust which were subject to the general power of appointment of Decedent at the time of his death and upon the assets of the Trust that were subject to Decedent's power of revocation at the time of his death.

## DISPOSITION

The order is affirmed. The court is directed to modify its order to provide the writ of execution should issue against the Trustee or Trustees of the Urquhart Family Trust.

Wiener, Acting P. J., and Work, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 18, 1988.

---

[5] Civil Code section 1390.4 provides: "Property subject to an unexercised general power of appointment created by the donor in favor of himself, whether or not presently exercisable, is subject to the claims of creditors of the donor or of his estate and to the expenses of the administration of his estate."

[6] Probate Code section 18201 provides: "Upon the death of a settlor who had retained the power to revoke the trust in whole or in part, the property that was subject to the power of revocation at the time of the settlor's death is subject to the claims of creditors of the decedent settlor's estate and to the expenses of administration of the estate to the extent that the decedent settlor's estate is inadequate to satisfy those claims and expenses."