[No. C055832. Third Dist. Apr. 20, 2009.]

Estate of ANGELA MARIE PRINDLE, Deceased.
EARLINE HARRIS, as Administrator, etc., Petitioner and Respondent, v.
JESSICA HARRIS et al., Claimants and Respondents;
TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY,
Objector and Appellant.

COUNSEL

Kenyon Yeates, Charity Kenyon, Bill Yeates; Lindahl Beck, Renee A. Haupt; Legacy Law Group and Tracy M. Potts for Objector and Appellant.

Webb & Tapella Law Corporation, Borden D. Webb and Carlena L. Tapella for Petitioner and Respondent.

The Ehrlich Law Firm, Jeffrey Isaac Ehrlich; Alan M. Laskin; Waldron & Olson, Waldron & Bragg and David I. Lipsky for Claimants and Respondents.

OPINION

NICHOLSON, J.—Although this is an appeal from an order of the probate court, it relates to three different actions: (1) the probate action, (2) a negligence action against the administrator of the estate of the deceased, and (3) a bad faith action against Travelers Property Casualty Insurance Company for refusing to defend the administrator in the negligence action and indemnify the administrator for the judgment in the negligence action. Travelers seeks to assert, as a defense in the bad faith action, that the failure of plaintiffs in the negligence action to file a timely claim with the estate barred relief in that action and recovery against Travelers in the bad faith action. The court in the bad faith action referred the question to the probate court, and the probate court held that Travelers is estopped from asserting that no timely claim was filed. Travelers appeals from the probate court order.

We affirm. We conclude that (1) Travelers had standing to appear in the probate action, (2) Travelers is estopped from asserting that the failure of plaintiffs in the negligence action to file a timely probate claim bars relief against Travelers in the bad faith action, and (3) provisions of the Probate Code do not limit damages in the bad faith action to the insurance coverage limits.

### PROCEDURAL BACKGROUND

As noted, this appeal relates to three different actions—one final and two still pending: (1) the probate of the estate of Angela Marie Prindle, (2) the negligence action (now final) by Jessica Harris and her daughters (collectively, Harris) against the administrator of the estate, and (3) the action of Harris and the administrator against Travelers for bad faith denial of insurance coverage. After summarizing each action, we detail the proceedings in the trial court that directly led to this appeal.

### A. *Estate of Angela Marie Prindle (Probate Action)*

In May 2002, Darrel Prindle entered the home of Angela Marie Prindle, his estranged wife. He shot and killed Angela. He also shot Angela's sister (Jessica Harris) and Jessica's daughter (Crystal Perkins). Jessica's other daughter (Christine Perkins) was present but was not injured.

In July 2002, Earline Harris (the mother of Angela Marie Prindle and Jessica Harris) filed a petition for probate of the estate of Angela Marie Prindle. The probate court appointed Earline Harris as administrator of the estate. (We refer to Earline Harris, hereafter, as the Administrator, to avoid confusing her with her daughter Jessica Harris, to whom we refer as Harris.) In November 2002, the estate gave notice to Angela Marie Prindle's creditors that claims against the estate must be filed by January 2003.

In January 2007, the net assets of the estate were estimated at $16,000. Neither the Administrator nor counsel for the estate had yet been paid.

### B. Harris v. Prindle *(Negligence Action)*

Harris sued Darrel Prindle and the Administrator on May 29, 2003, after the time for filing creditor's claims against the estate had expired.[1] Harris alleged that Angela Marie Prindle was negligent in failing to warn Harris that Darrel Prindle would return to the residence.

The Administrator informed Travelers of the negligence action and asked Travelers to provide a defense. Harris made a demand to Travelers for the policy limits—$100,000. Travelers responded by denying coverage and refusing to defend the estate. It stated that the policy applied to accidental conduct, not intentional conduct. It also stated that coverage was excluded under the terms of the policy, which stated that the policy did not cover injury or damage "which is expected or intended by any insured." (Original underscoring.)

The Administrator answered the complaint, and a court trial was held. The court (Judge Richard K. Park) issued a statement of decision and entered judgment. It found the estate liable to Harris for negligence in the amount of about $7 million.

The Administrator assigned to Harris the estate's assignable rights against Travelers for failure to defend and indemnify the Administrator in the

---

[1] Under section 377.40 of the Code of Civil Procedure, subject to the provisions of the Probate Code "governing creditor claims, a cause of action against a decedent that survives may be asserted against the decedent's personal representative . . . ."

negligence action. In exchange for this assignment, Harris agreed not to execute on the judgment against the Administrator.

### C. Harris v. Travelers *(Bad Faith Action)*

Harris and the Administrator sued Travelers, alleging breach of the insurance contract, breach of the implied covenant of good faith and fair dealing (bad faith), and breach of fiduciary duties. The allegation that Travelers acted in bad faith could expose it to liability for the full amount of the judgment against the Administrator (about $7 million), not just the policy limits ($100,000), because an insurer that breaches its duty of good faith and fair dealing may be held liable for the full amount of the judgment against the insured, even beyond the policy limits. (*Kransco v. American Empire Surplus Lines Ins. Co.* (2000) 23 Cal.4th 390, 401 [97 Cal.Rptr.2d 151, 2 P.3d 1].)

### D. *Trial Court Proceedings Leading to This Appeal*

On April 4, 2006, Harris filed a belated creditor's claim against the estate, claiming about $7 million plus interest pursuant to the judgment in the negligence case.

In the bad faith action, Travelers filed a motion for summary judgment, making two arguments. First, it asserted that the policy's exclusion for intentional acts of the insured precluded coverage for the actions of Darrel Prindle. And second, it argued that Harris failed to file a timely creditor's claim against the estate and therefore the estate was never in danger of a judgment in the negligence action exceeding the limits of the insurance policy. The trial court (Judge Shelleyanne W. L. Chang) denied the motion for summary judgment. Concerning the former assertion, the trial court found there was sufficient evidence to overcome the summary judgment motion because there was evidence that Darrel was not an insured under the policy. As to the latter issue, the court stated that the validity of the creditor's claim filed by Harris would have to be determined by the probate court.

On August 30, 2006, Travelers filed, in the probate action, a petition to (1) remove the Administrator and (2) determine that Harris's creditor's claim was invalid. The Administrator demurred to the petition, asserting that Travelers did not have standing to bring it. The Administrator also attempted to approve Harris's belated creditor's claim against the estate without first petitioning the court to allow the filing of a late claim under Probate Code section 9103.

The probate court (Judge Charles C. Kobayashi) overruled the demurrer. It ruled that Travelers has standing because it is an "interested person," pursuant to Probate Code section 48, because of the financial impact a ruling in the

probate court could have on Travelers. The court ordered the Administrator to file and serve an appropriate response to Travelers's petition. The court also ordered the Administrator to file and serve a petition to allow the filing of Harris's late claim.

Harris filed a petition to allow her to file her late claim against the estate. In addition to Harris's petition, the Administrator filed (1) a response to Travelers's petition and (2) a petition for approval of Harris's late claim. In the latter document, the Administrator asked the probate court to "approve the late-filing of [Harris's] creditor's claim . . . or, in the alternative, determine and declare that the claim-filing requirement was properly waived in this case by the administrator or, as a further alternative, that all parties are estopped to raise the claim-filing requirement as a means of attacking the final judgment in the [negligence action]."

Travelers responded to each of these filings.

The probate court (Judge Thomas M. Cecil) denied the petition to remove the Administrator and, as to the late claim, ruled as follows: "A timely claim against the estate was not filed by any of these claimants. See Probate Code sections 550–555. However, under the circumstances presented, it is appropriate to find the conduct of the administrator a waiver and to estop this failure from being raised as a defense to the potential liability of [Travelers]. It would be both inequitable and unreasonable to allow [Travelers] to assert a defense to the claim that is not available to the estate itself. . . . [¶] . . . The late claim shall not be accepted, but the absence of the claim is no longer deemed to be relevant to the issue before the Court."

## DISCUSSION

### I

### *Travelers's Standing*

The Administrator and Harris contend that the probate court abused its discretion in determining that Travelers had standing to petition the probate court to remove the Administrator and determine that Harris's claim is invalid. We conclude that the court did not abuse its discretion.

Probate Code section 9613 allows "any interested person" to petition the probate court to "direct the personal representative to act or not to act concerning the estate." Probate Code section 48 defines "interested person." Subdivision (a) of Probate Code section 48 provides a list of interested persons, such as heirs, spouses, and children. Travelers does not contend that

it qualifies as an "interested person" under that subdivision. However, subdivision (b) of Probate Code section 48 is broader. It states: "The meaning of 'interested person' as it relates to particular persons may vary from time to time and shall be determined according to the particular purposes of, and matter involved in, any proceeding."

■ "Subdivision (a) of section 48 does not purport to provide an exclusive list of recognizable interests. Rather, it permits the court to designate as an interested person anyone having an interest in an estate which may be affected by a probate proceeding. Subdivision (b) allows the court to determine the sufficiency of that party's interest for the purposes of each proceeding conducted. Thus, a party may qualify as an interested person entitled to participate for purposes of one proceeding but not for another." (*Estate of Davis* (1990) 219 Cal.App.3d 663, 668 [268 Cal.Rptr. 384].)

Examples of the flexibility given to the probate court in determining whether a party is an interested person include *Estate of Davis, supra*, 219 Cal.App.3d 663, in which the court determined that a probate administrator's surety may be an interested person, and *Estate of Maniscalco* (1992) 9 Cal.App.4th 520 [11 Cal.Rptr.2d 803], in which a prospective bidder on estate property who failed to attend a confirmation hearing, having no other preexisting relationship to the estate or to the property, was found by the court to be an interested party.

Because the determination of whether a party is an interested person pursuant to Probate Code section 48 is subject to the probate court's discretion, we apply the deferential abuse of discretion standard in reviewing the determination. (*Estate of Maniscalco, supra*, 9 Cal.App.4th at p. 525.)

The probate court analyzed Travelers's standing as follows: "Here [the Administrator] is attempting to allow a creditors claim which may be invalid and time barred under the statute without obtaining court approval with respect to the filing of that late claim. If this late claim is allowed to proceed, Travelers could be held liable for a judgment in excess of $7,000,000.00 for [Harris]. On the other hand, if the claim is not allowed, Travelers may be liable only to the extent of the $100,000.00 under the terms of the homeowners insurance policy. In that regard, Travelers may be bound by the trial court judgment to the extent of $100,000.00 under Probate Code section 550 in the absence of fraud or collusion. [Citation.] In either event, Travelers would be financially impacted, thereby falling within the definition of an interested party."

Having found that the result of the proceedings could affect Travelers financially, the probate court did not abuse its discretion in determining that Travelers is an "interested person" pursuant to Probate Code section 48, subdivision (b).

Acknowledging the broad reach of Probate Code section 48, the Administrator and Harris assert that Travelers should be denied standing in the probate action because it refused to defend the Administrator in the negligence action. In support, Harris cites *Tomassi v. Scarff* (2000) 85 Cal.App.4th 1053 [102 Cal.Rptr.2d 750]. In that case, an insurer denied coverage and refused to defend in a tort action. Judgment was entered against the insured, and the insurer moved to vacate the judgment pursuant to Code of Civil Procedure section 663, asserting that the court's legal conclusions were not supported by the facts. The court, however, concluded that the insurer was not a "party aggrieved," as required by Code of Civil Procedure section 663. The Court of Appeal affirmed. (*Tomassi v. Scarff, supra*, at pp. 1058–1059.)

*Tomassi v. Scarff*, applying the "aggrieved party" standard of Code of Civil Procedure section 663, is inapplicable to this case, in which we apply the "interested person" standard of Probate Code section 48. Code of Civil Procedure section 663 requires that an "aggrieved party" have a direct and immediate interest in the judgment being challenged. (*Tomassi v. Scarff, supra*, 85 Cal.App.4th at pp. 1058–1059.) Unlike the "aggrieved party" standard, however, the "interested person" standard of Probate Code section 48 confers standing on "anyone having an interest in an estate which may be affected by a probate proceeding." (*Estate of Davis, supra*, 219 Cal.App.3d at p. 668.) Travelers undoubtedly has an interest that *may* be affected.

Therefore, the argument of the Administrator and Harris that the probate court abused its discretion in determining that Travelers has standing is without merit.

## II

### Estoppel

Travelers contends the probate court erred in determining that the Administrator and Travelers are estopped from asserting that the failure of plaintiffs in the negligence action to file a timely probate claim bars relief against Travelers in the bad faith action.[2] We disagree. The finding that the

---

[2] Travelers states that the Probate Code does not permit the personal representative of an estate to waive the late filing of a creditor's claim. However, the probate court did not permit

Administrator is estopped from relying on Harris's failure to file a timely creditor's claim was correct, and absent a showing of collusion, which must be made (if at all) in the bad faith action, Travelers is bound by the outcome of the negligence action.

### A. *Legal Background*

#### 1. Satterfield v. Garmire

Under some circumstances, an estate may be estopped from arguing that a creditor failed to file a timely claim. In *Satterfield v. Garmire* (1967) 65 Cal.2d 638 [56 Cal.Rptr. 102, 422 P.2d 990] (*Satterfield*), the plaintiff injured by the negligence of the decedent filed an action against the executor of the estate before the period for filing a claim in the probate action had expired. It was conceded that the decedent caused the accident, and the only dispute concerned the amount of the claim. The executor's original answer did not assert the failure to file a claim as a defense. And the decedent's insurance was sufficient to cover the claim. Therefore, no substantial benefit would be relinquished by the heirs. After the time for filing a claim in the probate action had passed, the executor demurred based on the failure to file a claim. The trial court sustained the demurrer without leave to amend and dismissed the action. The Supreme Court reversed. It held: "[G]enerally it is not within the authority of an executor or administrator to waive formal presentation of a claim. But we conclude he may do so where this congeries of circumstances exists prior to the expiration of the period for filing a claim: he has knowledge of the claim and concedes its merit save only as to the specific sum; the estate is protected by insurance coverage exceeding the amount of the claim; and waiver results in relinquishment of no substantial benefit of or causes no detriment to the heirs or legatees." (*Id.* at p. 645.)

#### 2. *Statutes Authorizing Action up to Insurance Limit*

After *Satterfield* was decided, the Legislature enacted former Probate Code section 721 providing that a probate claim was not required to maintain a

---

the Administrator to waive the late filing of Harris's creditor's claim. Instead, the probate court found that the Administrator and Travelers were estopped from relying on the lateness of the creditor's claim. The court stated: "The late claim shall not be accepted, but the absence of the claim is no longer deemed to be relevant to the issue before the Court." Accordingly, the disputed issue is whether estoppel applies, not whether the probate court gave the Administrator the authority to waive the lateness of the claim.

We recognize that the probate court, in its order, used the word "waiver" when it stated that "it is appropriate to find the conduct of the administrator a waiver and to estop this failure from being raised as a defense . . . ." This reference to a waiver does not mean a waiver of the late filing of the claim because later in the same order the court stated: "The late claim shall not be accepted . . . ." Therefore, the probate court's order found estoppel, not waiver of a late filing of a claim.

civil action for an obligation of the decedent to the extent it is covered by the decedent's liability insurance. (Stats. 1971, ch. 1638, § 4, pp. 3533–3534.) The provisions of that section were later moved to another part of the present Probate Code (Prob. Code, §§ 550 et seq., 9390), but the effect is still the same. (*Varney v. Superior Court* (1992) 10 Cal.App.4th 1092, 1100, fn. 4 [12 Cal.Rptr.2d 865].)

Probate Code section 550, subdivision (a) provides: "Subject to the provisions of this chapter, an action to establish the decedent's liability for which the decedent was protected by insurance may be commenced or continued against the decedent's estate without the need to join as a party the decedent's personal representative or successor in interest." An action under Probate Code section 550 "shall name as the defendant, 'Estate of (name of decedent), Deceased.' Summons shall be served on a person designated in writing by the insurer or, if none, on the insurer. Further proceedings shall be in the name of the estate, but otherwise shall be conducted in the same manner as if the action were against the personal representative." (Prob. Code, § 552, subd. (a).) "Unless the personal representative is joined as a party, a judgment in the action under [Probate Code section 550] . . . does not adjudicate rights by or against the estate." (Prob. Code, § 553.) Furthermore, unless the personal representative is joined and the plaintiff files a creditor's claim against the estate, the judgment in an action under Probate Code section 550 cannot exceed the limits of the insurance coverage. (Prob. Code, § 554.) Finally, subdivision (b) of Probate Code section 550 states: "The remedy provided in this chapter is cumulative and may be pursued concurrently with other remedies."

Probate Code section 9390, subdivision (b) provides: "Unless a claim is first made as provided in this part, an action to establish the decedent's liability for damages outside the limits or coverage of the insurance may not be commenced or continued under Section 550."

### 3. Rogers v. Hirschi

While *Satterfield* was a negligence action against the executor of an estate, the appeal here concerns litigation taking place after such a negligence action has already resulted in a final judgment. The Court of Appeal dealt with a similar scenario in *Rogers v. Hirschi* (1983) 141 Cal.App.3d 847 [190 Cal.Rptr. 575] (*Rogers*).

In *Rogers*, the plaintiff sued the executor of the estate of the tortfeasor and obtained a judgment of $175,000. The decedent's insurance carrier paid $99,900 toward the judgment. After the time expired for filing notice of appeal, the executor filed a motion to modify the judgment to the amount

paid by the insurance carrier because the plaintiff had failed to file a timely creditor's claim in the probate action. The trial court granted the motion, citing former Probate Code section 721 (current Prob. Code, § 554, subd. (a)), which limits recovery to the amount of the insurance coverage when no claim has been filed. The Court of Appeal reversed. It held that the trial court had no power to modify the final judgment and that the executor was estopped from arguing that the absence of a timely creditor's claim defeated the judgment to the extent it was in excess of the insurance coverage. At most, the entry of final judgment against the executor in a case in which the plaintiff did not file a timely claim was an act in excess of jurisdiction. (*Rogers, supra*, 141 Cal.App.3d at pp. 849–853.)

■ In discussing the estoppel issue, the *Rogers* court stated: "When, as here, the court has jurisdiction of the subject, a party who by his conduct consents to or permits action which may be in excess of the court's power may be estopped to complain of the ensuing action in excess of jurisdiction. [Citations.] [¶] Whether a party shall be estopped from claiming an excess of jurisdiction depends on the importance of the irregularity not only to the parties but to the functioning of the courts and in some instances on other considerations of public policy. [Citations.]" (*Rogers, supra*, 141 Cal.App.3d at p. 852, fn. omitted.)

Applying this estoppel doctrine, the court concluded that, although the negligence action was filed before the expiration of the period for filing a probate claim, the executor never raised the failure of the plaintiff to file a claim in the probate action until after entry of final judgment in the negligence action. If the executor had asserted the failure to file a claim in the answer or a demurrer, the plaintiff would have had time to file a claim. "Further," continued the court, "[the executor] tacitly consented (there is nothing in the record to indicate anything else) to the entry of the judgment and its becoming final." (*Rogers, supra*, 141 Cal.App.3d at p. 852.) The court added that the executor had allowed the case to consume trial court resources and that allowing the executor to raise the claim issue at this late stage would be contrary to the public policy that there must be finality in judgments. (*Id.* at pp. 852–853; see also *Heywood v. Municipal Court* (1988) 198 Cal.App.3d 1438 [244 Cal.Rptr. 435] [estopping executrix from negating final judgment because of failure to file a claim when defense not interposed before final judgment].)

B. *Travelers's Contentions*

Travelers contends that estoppel does not apply to this case because (1) the Legislature supplanted *Satterfield* by enacting statutes covering the same issue and (2) this case does not meet the requirements for estoppel. We

consider each of these contentions below and find them to be without merit. We also conclude that (3) having refused to defend the estate in the negligence action, Travelers cannot now attack that final judgment (except by proving, in the bad faith action, that the judgment was a product of collusion between Harris and the Administrator).

### 1. *Statutes Enacted After* Satterfield

As noted, the Legislature enacted several statutes (now Prob. Code, §§ 550 et seq., 9390) concerning recovery of insurance proceeds in 1971, after *Satterfield* was decided. Travelers asserts that these statutes, in Travelers's words, "codified the decision's equitable exception for claims limited to the amount of insurance proceeds" and therefore supplanted *Satterfield*. In other words, *Satterfield* is no longer the law of this state. Instead, the law in this regard is limited to the Probate Code provisions. We find no indication that the Legislature intended to supplant *Satterfield* and limit the use of estoppel principles when they are applicable.

The Legislature did not expressly supplant, overrule, or even identify *Satterfield* when it enacted the statutory scheme for recovery of insurance proceeds. (Stats. 1971, ch. 1638, § 4, pp. 3533–3534.) To the contrary, the Legislature provided that "[t]he remedies of this section are cumulative, and may be pursued concurrently with other remedies." (*Id.* at p. 3534; see Prob. Code, § 550, subd. (b) [current language essentially the same].)

Here, Harris did not act under the Probate Code provisions for obtaining a judgment for the insurance proceeds. She filed the action against the Administrator only and served summons on the Administrator only. The negligence action did not name the estate as a defendant and was not served on Travelers pursuant to the Probate Code provisions for recovering up to the limits of the decedent's insurance coverage. (See Prob. Code, § 552, subd. (a) [requiring the plaintiff to name the estate and serve summons on the insurer or a person designated by insurer].) Instead, the negligence action was filed against the Administrator, pursuant to section 377.40 of the Code of Civil Procedure, as a common law negligence action against the decedent, Angela Prindle, that survived her death.

■ Although Probate Code section 554, subdivision (b) allows for a judgment in excess of the insurance coverage limits, this is permissible only when the personal representative is joined in the action. Again, however, the negligence action was not an action against the estate pursuant to Probate Code section 550 et seq. It was an action against the personal representative under section 377.40 of the Code of Civil Procedure, which Probate Code section 550, subdivision (b) expressly allows, providing that the remedy provided in that chapter is not exclusive.

Because Probate Code section 550 et seq. did not supplant *Satterfield* and Harris proceeded against the Administrator in the negligence action, instead of proceeding against the estate under Probate Code section 550 et seq., those statutes do not apply to this action.

### 2. *Applicability of Estoppel*

That leaves the question of whether the equitable principle of estoppel prevents Travelers from defending against the bad faith action by asserting that Harris should have but did not file a timely claim against the estate. We agree with the trial court that estoppel applies.

As noted, the case most closely aligned to this case on the facts is *Rogers*. In that case, the court explained that "[w]hether a party shall be estopped from claiming an excess of jurisdiction depends on the importance of the irregularity not only to the parties but to the functioning of the courts and in some instances on other considerations of public policy." (*Rogers, supra,* 141 Cal.App.3d at p. 852.)

As to the Administrator, the application of *Rogers* is clear. Without interposing the defense that Harris did not file a timely claim, the Administrator allowed the negligence action to continue through the trial of the action and entry of final judgment. She could have, but did not, raise the issue in that action. As stated in *Rogers*, because the Administrator "permitted the case to consume the time and expense involved through a . . . trial to final judgment, [she] should be estopped to now question the efficacy of such proceedings. 'To hold otherwise would permit the parties to trifle with the courts. The law should not and in our opinion does not countenance such action.' [Citation.]" (*Rogers, supra,* 141 Cal.App.3d at pp. 852–853.)

Travelers contends the Administrator is not estopped from arguing that Harris did not file a timely claim because, unlike in *Satterfield*, (1) Harris did not file her complaint in the negligence action before the time for filing a probate claim had expired, (2) the Administrator did not concede liability, and (3) the judgment in the negligence action was in excess of the insurance coverage limits. Although the facts of this case are unlike the facts in *Satterfield* in these ways, we reject Travelers's assertion that these differences prevent the application of estoppel.

■ The *Satterfield* court did not limit the application of estoppel to the circumstances presented in that case. It merely said that, under the circumstances presented in that case, estoppel was appropriate. Discussing the lack of precedent concerning the circumstances presented in that case, the *Satterfield* court stated: "While none of the foregoing decisions gives precise

guidance to us in the present case, that does not automatically bar recovery. 'Equity does not wait upon precedent which exactly squares with the facts in controversy, but will assert itself in those situations where right and justice would be defeated but for its intervention.' [Citation.]" (*Satterfield, supra*, 65 Cal.2d at p. 645.)

Important equitable considerations favor estoppel against the Administrator. In the negligence action, the Administrator did not raise the issue of whether Harris had filed a timely probate claim. Although there was a possible loss to the beneficiaries of the estate from the judgment in the negligence action, the Administrator was able to counteract that possibility by assigning the estate's rights against Travelers to Harris in exchange for a covenant not to execute on the judgment against the estate. Therefore, in the end, the negligence action did not expose the beneficiaries of the estate to a loss, as in *Satterfield*. (*Satterfield, supra*, 65 Cal.2d at p. 645.) As in *Rogers*, where the judgment was in excess of the insurance coverage, the Administrator failed to make a timely assertion of the defense that there was no probate claim, allowing the negligence action to proceed through to a final judgment without raising the defense. (*Rogers, supra*, 141 Cal.App.3d at pp. 852–853.) "The important public policy that there must be an end to litigation which underlies the doctrine of finality of judgments [citations] is an additional consideration indicating defendant should be estopped from attacking the judgment." (*Id.* at p. 853.)

■ Under the circumstances presented in this case, the most important of which is the fact that the Administrator allowed the negligence action to proceed through to final judgment without raising Harris's failure to file a claim, equitable considerations support the application of estoppel against the Administrator. Therefore, we conclude the probate court was correct in deciding that the Administrator was estopped from arguing the judgment for Harris is invalid because Harris failed to file a timely probate claim.

But it is not the Administrator here who seeks to attack the efficacy of the final judgment by asserting that Harris did not file a timely creditor's claim. Instead, Travelers seeks to attack the efficacy of the final judgment in the negligence action. This situation introduces an additional layer into the analysis. However, that additional layer does not change the result. Given Travelers's voluntary absence from the negligence action proceedings, it is now bound by the final judgment in that action.

"If, after request, the person indemnifying neglects to defend the person indemnified, a recovery against the latter suffered by him in good faith, is conclusive in his favor against the former . . . ." (Civ. Code, § 2778, subd. 5.) Therefore, because Harris requested Travelers to defend the negligence action

and Travelers refused, Travelers is bound by the judgment in the same manner as the Administrator is bound (provided the Administrator acted in good faith in defending the negligence action). Since the Administrator is estopped from arguing that Harris failed to file a timely claim, so too is Travelers estopped.[3]

The trial court, therefore, did not err in determining that Travelers is estopped from asserting that Harris failed to file a timely claim against the estate.

## III

### Availability of Excess Judgment Damages

Travelers asserts that Harris's recovery must be limited to $100,000, the limit of the decedent's insurance coverage, because Probate Code section 554, subdivision (b) allows for damages in excess of the insurance coverage only if the plaintiff filed a claim with the estate. The assertion is without merit because Harris's action against the Administrator was an action against the personal representative under section 377.40 of the Code of Civil Procedure, not an action against the estate pursuant to Probate Code section 550 et seq. Therefore, the provisions of that Probate Code chapter do not apply.

Probate Code section 554, subdivision (a) limits damages available "in an action under this chapter" to the insurance coverage limits. Subdivision (b) of the same section makes an exception to the limitation, allowing damages in excess of the coverage limit, if the plaintiff joins the personal representative of the estate as a party in the action and files a probate claim. By its terms, the limitation in this statute applies only to actions "under this chapter." Because the negligence action was not an action filed pursuant to Probate Code section 550 et seq., the provisions relating to limitation of damages to the amount of insurance coverage available do not apply. As noted, there is no indication that the Legislature meant to supplant other remedies, such as an action against the personal representative under section 377.40 of the Code of Civil Procedure. The evidence is to the contrary, that the Legislature meant to leave in place all other potential remedies. Therefore, Travelers's contention that Harris's recovery must be limited to $100,000, the extent of the decedent's insurance coverage, is without merit.

---

[3] Travelers suggests that the Administrator acted in derogation of Travelers's rights. That is an issue that must be raised, if at all, in the bad faith action and not in this appeal from the probate court order. (See, e.g., *J.B. Aguerre, Inc. v. American Guarantee & Liability Ins. Co.* (1997) 59 Cal.App.4th 6, 18 [68 Cal.Rptr.2d 837] [recognizing defense of collusion in bad faith action].)

## DISPOSITION

The order of the probate court is affirmed. The Administrator and Harris are awarded their costs on appeal. (Cal. Rules of Court, rule 8.278(a).)

Scotland, P. J., and Robie, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 8, 2009, S173387. Corrigan, C. J., did not participate therein.