Filed 10/24/13  Yu v. Fitch Construction CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| BANN-SHIANG LIZA YU,<br><br>    Cross-complainant and Respondent,<br><br>     v.<br><br>FITCH CONSTRUCTION CORPORATION et al.,<br><br>    Cross-defendants and Respondents;<br><br>NORTHLAND INSURANCE COMPANY,<br><br>    Movant and Appellant. | G047756<br><br>(Super. Ct. No. 04CC00683)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Richard W. Luesebrink, Judge.  (Retired Judge of the Orange Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

The Aguilera Law Group and A. Eric Aguilera, Raymond E. Brown, Thomas V. Perea and Lindsee B. Falcone for Movant and Appellant.

Mohammed K. Ghods and William A. Stahr for Cross-complainant and Respondent.

No appearance for Cross-defendants and Respondents.

Northland Insurance Company (Northland) appeals from the denial of its motion to vacate default judgments against cross-defendants, Fitch Construction Corporation, an Arizona corporation, and Fitch Plastering Corporation, a California corporation, in favor of Bann-Shiang Liza Yu. Northland, the insurer for Fitch Construction Corporation, argues the trial court erred in denying its motions to vacate the default judgments entered against both Fitch corporations and asks this court to find the judgments void as a matter of law. As we explain below, we conclude Northland did not have standing to contest the validity of the default judgments, and we decline its invitation to find them void. The judgment is affirmed.

FACTS

*Fitch CA*

On December 15, 1993, Kent Fitch, on behalf of the Fitch Corporation,[1] an Arizona corporation doing business in California as Fitch Plastering Corporation, drafted a letter to the California Secretary of State. In the letter, the Fitch Corporation gave consent for the use of the name Fitch Plastering Corporation of California to be incorporated. Articles of Incorporation for Fitch Plastering Corporation of California (Fitch CA) were filed with the California Secretary of State the same day. California Secretary of State documents from years later indicate Fitch CA's address was 26801 Vista Terrace, Lake Forest, California, 92630, its president was Samuel Fitch, its secretary and agent for service of process was Monty Fitch, and its chief financial officer was McKinley Fitch. One of its directors was Kent Fitch, the same person who, on behalf of the Fitch Corporation, consented to use of the name Fitch Plastering

---

[1] The Fitch Corporation's address was 20702 Linear Lane, El Toro, California 92630.

2

Corporation of California in 1993.[2]  Fitch CA's contractor's license was issued on October 17, 1994, and it expired October 31, 2010.  Northland never issued an insurance policy to Fitch CA.

*Fitch AZ*

Fitch Plastering Corporation filed Articles of Incorporation with the Arizona Corporation Commission on April 26, 1995.[3]  Its director was Steven W. Fitch and its secretary was Benjamin W. Fitch.  On January 2, 2001, Fitch Plastering Corporation changed its name to Fitch Construction Corporation (Fitch AZ).  Its president was Stephen W. Fitch, its secretary was Deborah Fitch, and its address was 55 West Hoover, #7, Mesa, Arizona, 85210.  Fitch AZ's contractor's license expired on February 28, 2009, and it dissolved on February 1, 2010.  Northland issued a commercial liability insurance policy No. RL000009 to Fitch AZ effective May 26, 2002, to May 26, 2003.  The policy included blanket additional insured endorsement to include any person or organization that Fitch AZ was required to add as an additional insured pursuant to contract.

*Hotel Construction*

In January 2002, Yu entered into a contract with Automatic Teller Modules, Inc. (ATMI), for the design and construction of a hotel in Anaheim.  ATMI entered into contracts with numerous trades for the planning, designing, and building of the hotel.  One of the subcontractors, Fitch CA, entered into a contract with ATMI for stucco, foam, exterior paint, and finish work on March 22, 2003.  Mac Fitch signed the contract on behalf of Fitch CA.  A certificate of occupancy for the hotel was issued and the hotel began operating in April 2004.

---

[2]    On Fitch Plastering letterhead, with the same logo that appears on the 1993 letter from Kent Fitch, Tom Blythe is also listed as a director.

[3]    The Arizona Corporation Commission document certifying the Articles of Incorporation were filed indicates they were filed for "Fitch Construction Corporation."

*Trial Court Proceedings*

Yu filed her original complaint against ATMI and others in October 2004. In June 2006, Yu filed her fourth amended complaint, which alleged 15 causes of action, including breach of contract, fraud, and breach of fiduciary duty and warranty.

Later that month, ATMI filed a cross-complaint against Yu, "Fitch Construction Corporation," "Fitch Plastering Corporation," and others. The cross-complaint alleged eight causes of action for negligence, breach of implied warranty, and indemnity.

On July 26, 2006,[4] ATMI served Fitch CA, with the cross-complaint by serving Johanna Dewitt, an accountant, via substitute service at 26801 Vista Terrace, Lake Forest, California, 92630. At the same time, ATMI served "Fitch Construction Corporation," Fitch AZ, by serving the same person in the same manner at the same location.[5] On or about August 2, 2006, ATMI tendered its defense and indemnity of Yu's claims to Northland pursuant to its insurance policies with Fitch AZ. Northland investigated the claims and denied them on January 3, 2007. In the denial letter of the same day, Northland stated, "Our policy for our insured, Fitch Construction, runs from May 26, 2001[,] to May 26, 2003. Our investigation indicates that a temporary certificate of occupancy was issued for this project in February of 2004 and that the hotel started operating in April of 2004. Given these dates, it is our position the damages occurred after our policy period, thus we would have had no coverage for our insured,

---

[4]     Northland claims ATMI served the cross-complaint on August 22, 2006. That was the day the proofs of service were filed with the court.

[5]     Northland asserts Fitch AZ was never served with the cross-complaint and Fitch AZ never tendered the claim to Northland.

4

Fitch Construction and no duty to defend and indemnify ATMI Design Build."

On May 1, 2007, ATMI requested entry of default judgments against Fitch CA and "Fitch Construction Corporation," Fitch AZ. Both requests for default judgments were mailed to the following to addresses: 26801 Vista Terrace, Lake Forest, California, 92630; and John A. Hurley, Esq., Hurley & Patel, 26801 Vista Terrace, #240, Lake Forest, California, 92630. The trial court entered default judgments against Fitch CA and "Fitch Construction Corporation," Fitch AZ, the same day.

Yu and ATMI entered into a settlement agreement regarding Yu's claims. As part of the settlement agreement, ATMI assigned its rights against Fitch CA and Fitch AZ to Yu. Yu substituted in as plaintiff in ATMI's cross-complaint.

On March 25, 2009, Yu filed a complaint against Northland and numerous other insurers of subcontractors for declaratory relief, breach of contract, breach of the implied covenant of good faith and fair dealing, and equitable subrogation (the Coverage Action).[6] The same day, Yu filed a notice of related case, which listed Yu's action against ATMI. Northland answered both the complaint and the first amended complaint.

On January 13, 2010, Judge David C. Velasquez held a default prove-up hearing on ATMI's cross-complaint in the underlying construction action. After the hotel's general manager testified concerning some of the defects, repairs, and damages, the general manager also testified he had heard of "Fitch Plastering" and "Fitch Construction Corporation" and had dealt with "Mr. Fitch." When the trial court asked to

---

[6]     The Coverage Action is currently pending in Orange County Superior Court. (Super. Ct. Orange County, No. 30-2009-00255065-CU-IC-CXC.) The cases were not consolidated. Our decision here concerns only the correctness of the trial court's decision denying Northland's motion to vacate the default judgments. We express no opinion on the Coverage Action.

clarify whether they performed the same scope of work, Yu's counsel stated, "We are not sure in terms of their relationship. They're both named and the documentation that we've seen crosses over." The trial court found in Yu's favor and against Fitch CA and Fitch AZ jointly and severally in the amount of $1,264,604.77.

The following month, the trial court entered judgment in Yu's favor on the cross-complaint as proved up on January 13, 2010. The court entered judgment against "[c]ross-[d]efendants Fitch Construction Corporation, an Arizona corporation and Fitch Plastering Corporation, a California corporation."

In April 2011, Northland filed a motion for summary judgment in the Coverage Action. Judge Ronald L. Bauer denied that motion in August 2011.

In March 2012, Yu filed a status conference statement. The status conference statement indicated ATMI had obtained default judgments against Fitch CA and Fitch AZ. The status conference statement explained Northland did not defend or indemnify its insureds, Fitch CA and Fitch AZ, and Yu would seek to enforce its judgment against Northland.

*Procedural History*

In August 2012, Northland filed a motion to vacate the default judgments entered in favor of Yu against Fitch CA and Fitch AZ pursuant to Code of Civil Procedure section 473, subdivision (d). The motion was supported by declarations, an appendix of exhibits, and request for judicial notice. Northland argued the following: (1) the trial court never obtained personal jurisdiction over Fitch AZ; (2) ATMI did not serve Fitch AZ with its summons and cross-complaint; (3) neither Fitch CA nor Fitch AZ was provided with notice of the request for entry of default judgment; (4) neither Fitch CA nor Fitch AZ was provided with a statement of damages; and (5) the court had equitable power to set aside the default judgments. Finally, Northland asserted it had standing as real party in interest because Yu was trying to satisfy the default judgments against it rather than Fitch CA or Fitch AZ. Northland included a declaration,

6

which was prepared in support of its summary judgment motion in the Coverage Action, from one of its claims adjusters, Christopher Zelgert. Zelgert stated, "I have conducted a thorough review of the database maintained by Northland and have confirmed based on that review that at no time has Northland ever issued a policy of insurance to Fitch Plastering of California."

Yu filed a motion opposing the motion to vacate the default judgment. The opposition was supported by exhibits and objections to declarations. Included as an exhibit are Northland's internal claim file notes (the Notes) from August 2006 to February 2007. The Notes explain ATMI requested Northland defend and indemnify ATMI against Yu arising out of construction litigation where ATMI allegedly contracted with the insured Fitch AZ. The Notes state "ATMI is attempting service of a third party complaint" on Fitch AZ. The Notes explain Northland's insured, Fitch AZ, does work in Arizona and the insureds' brother has a business with the same name in California. The Notes add that this had happened previously and Northland would have to investigate whether Fitch AZ worked on the project in question and would have to obtain the contract between Fitch AZ and ATMI. The Notes said that as of November 30, 2006, Fitch AZ may have been served with the third party complaint. The Notes added a claims adjuster reviewed the contract between ATMI and Fitch CA and it appeared Northland was being improperly put on notice of the claim. The Notes from December 7, 2006, indicated Fitch AZ's attorney called the claims adjuster and stated he had answered the cross-complaint. The Notes said the damages occurred after the policy period and the claims adjuster would draft a denial letter. The Notes concluded the claims adjuster sent a denial letter to ATMI's counsel and coverage disclaimer letter to Fitch AZ and its attorney. Also included as exhibits were evidence "Fitch Plastering Corporation" and "Fitch Construction Corporation" appeared in the construction litigation.

7

Northland filed a reply to Yu's opposition. The reply was supported by an amended request for judicial notice. Yu objected to the amended request for judicial notice, objected to defective service of the reply, and requested judicial notice.

At a hearing, Judge Richard W. Luesebrink issued his tentative decision denying the motions. The trial court explained that as to Fitch CA, Northland denied coverage because it issued a commercial liability policy only to Fitch AZ. The court added that as to Fitch AZ, the policy with Northland did not cover the relevant time frame. The court concluded Northland had an alternative ground for relief and that was to deny the payment demand and litigate the case in the Coverage Action. After hearing and considering counsels' argument, the trial court issued a minute order denying the motions to vacate the default judgments. Northland appealed.

## DISCUSSION

Northland argues it had standing to move to vacate the default judgments because Yu was attempting to enforce ATMI's judgment against Fitch AZ against Northland.[7] Yu disagrees because Northland refused to defend its insureds. We agree with Yu.

Code of Civil Procedure section 473, subdivision (d), provides: "The court may, upon motion of the injured party, or its own motion, correct clerical mistakes in its judgment or orders as entered, so as to conform to the judgment or order directed, and may, *on motion of either party* after notice to the other party, set aside any void judgment or order." (Italics added.) The plaintiff, defendant, or a nonparty legal representative, including an assignee, grantee, or liability insurer, may seek relief from a default judgment under Code of Civil Procedure section 473. (Weil & Brown, Cal. Practice

---

[7] Northland asks this court to find both default judgments, against Fitch AZ and Fitch CA, void as a matter of law. However, when discussing standing, Northland only discusses Fitch AZ, we presume because it never issued a commercial liability insurance policy to Fitch CA. Nevertheless, we will discuss standing as to both Fitch AZ and Fitch CA.

8

Guide: Civil Procedure Before Trial (The Rutter Group 2013) ¶¶ 5:283-5:289, pp. 5-72 to 5-73.) Standing is jurisdictional, and on review we apply our independent judgment, but to the extent the issue of standing turns on factual issues, we are bound by the trial court's findings of fact if they are supported by substantial evidence. (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 449.)

"It is undisputed that if the insurer admits coverage, the insurer clearly has a direct and immediate interest in the outcome of the action against its insured, and therefore may intervene. 'An insurer's right to intervene in an action against the insured, for personal injury or property damage, arises as a result of Insurance Code section 11580. [Insurance Code [s]ection 11580 provides that a judgment creditor may proceed directly against any liability insurance covering the defendant, and obtain satisfaction of the judgment up to the amount of the policy limits. [Citation.] Thus, where the insurer may be subject to a direct action under Insurance Code section 11580 by a judgment creditor who has or will obtain a default judgment in a third party action against the insured, intervention is appropriate. [Citation.]' [Citation.]

"It is also undisputed that if the insurer denies coverage *and* refuses to provide a defense, the insurer 'does not have a direct interest in the litigation between the plaintiff and the insured to warrant intervention. The rationale behind this rule is that by its denial, the insurer has lost its right to control the litigation.' [Citation.] When an insurer refuses to defend, it may be bound by a default judgment against its insured [citation], or a reasonable, noncollusive settlement reached by its insured with the claimant [citation]. 'An insurer that has received notice of the action against its insured but refuses to defend will be bound by the resulting judgment on all issues material to liability, in the absence of fraud or collusion.' (*Tomassi v. Scarff* (2000) 85 Cal.App.4th 1053, 1058 . . . [(*Tomassi*)].) '"In effect, when the insured tenders the suit, the carrier is receiving its chance to be heard. Having rejected the opportunity and waived the chance

9

to contest liability, it cannot reach back for due process to void a deal the insured has entered to eliminate personal liability.'" [Citation.]" (*Gray v. Begley* (2010) 182 Cal.App.4th 1509, 1522-1523, fn. omitted; *Hinton v. Beck* (2009) 176 Cal.App.4th 1378, 1384; *Stalberg v. Western Title Ins. Co.* (1991) 230 Cal.App.3d 1223, 1233.)

Here, Northland did not have standing to file motions to vacate the default judgments with respect to Fitch CA or Fitch AZ. With respect to Fitch CA, the evidence established Northland never issued Fitch CA a commercial liability policy. Included with Northland's summary judgment motion was Zelgert's declaration where he stated, "I have conducted a thorough review of the database maintained by Northland and have confirmed based on that review that at no time has Northland ever issued a policy of insurance to Fitch [CA]." Thus, Northland did not have standing to move to vacate the default judgment against Fitch CA because it was not legally required to defend or indemnify Fitch CA.

As to Fitch AZ, we reach the same conclusion but on a different basis. Northland refused to defend ATMI, an additional insured under Fitch AZ's policy. The basis for Northland's refusal was the fact the damages occurred allegedly outside of its policy period with Fitch AZ. Northland concedes it denied ATMI's tender but claims it never received notice of the claims against Fitch AZ. We disagree as there was evidence, the Notes, indicating Fitch AZ did have notice as it was served with the cross-complaint and answered the cross-complaint. Additionally, there was evidence, again in the Notes, that Northland sent Fitch AZ a disclaimer of coverage letter on February 2, 2007.[8] That

_____

[8]      Northland's letter to Fitch AZ is not part of the record on appeal. After briefing was complete, Yu filed a motion for consideration of additional evidence asking this court to consider the letter, and other documents, that were not before the trial court. These documents were provided to Yu in discovery in June 2013 in the Coverage Action. We deny Yu's request as Yu does not present any compelling exceptional circumstances justifying deviating from the general rule appellate review is limited to the record before the trial court. (*LaGrone v. City of Oakland* (2011) 202 Cal.App.4th 932, 946, fn. 6 [grant requests to take additional evidence only under exceptional circumstances].)

decision is now the subject of the Coverage Action that is pending in the Orange County Superior Court. The fact Northland might ultimately be liable to Yu does not provide Northland with standing in this case.

We agree with the trial court's determination Northland is not aggrieved in this procedural setting. The effect of the Fitch CA and Fitch AZ default judgments on Northland is only indirect and contingent, not direct and immediate. (*Tomassi, supra,* 85 Cal.App.4th at pp. 1058-1059.) At oral argument, Northland's counsel admitted Northland is a "stranger" to this lawsuit and argued it has standing because it is "potentially aggrieved." Northland is therefore not aggrieved, and the trial court did not err in denying the motion to vacate the default judgments. Because we have concluded Northland did not have standing to challenge the default judgments, we need not address its claims the default judgments were void because the court did not have personal jurisdiction over Fitch AZ, ATMI did not serve the summons and cross-complaint on Fitch AZ, the damages award exceeded that specified in the cross-complaint, neither Fitch AZ nor Fitch CA were provided notice of entry of the default judgments, and neither Fitch AZ nor Fitch CA were served with a statement of damages.

## DISPOSITION

The judgment is affirmed. Yu shall recover her costs on appeal. Yu's motion for consideration of additional evidence is denied.

11

O'LEARY, P. J.

WE CONCUR:


MOORE, J.


THOMPSON, J.